This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                   **No. 30,282**

**JOEL MERCADO-SALCEDO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM
Daniel Gower, Assistant Appellate Defender
Las Cruces, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant has appealed from the district court's judgment and sentence, raising issues surrounding its entry over Defendant's objections. We issued a notice of proposed summary disposition, proposing to summarily reverse and remand. The State has filed a response to our notice, indicating that it does not oppose the limited remedy suggested in our notice. We remain persuaded that the district court erred. Therefore, we reverse and remand for the district court to hold a presentment hearing on the form of the judgment and sentence.

In his appeal, Defendant raised three issues surrounding the entry of the judgment and sentence over defense counsel's objections as to its form. First, Defendant argued that the district court was without authority to sign and enter the judgment where Defendant objected to it and was not given an opportunity to be heard on his objections. [DS 3] Second, Defendant argued that the judgment and sentence misstates the law on Defendant's possible status as a fugitive. [DS 3-4] Third and last, Defendant argued that the objectionable statement in the judgment makes a predetermination of his fugitive status. [DS 4] We proposed to summarily reverse and remand for the failure of the district court to hold a hearing on the form of the judgment in light of the absence of defense counsel's signature on and objection to the judgment and sentence.

The local rule governing the entry of judgment in the Third Judicial District contains mandatory language, requiring the court to either obtain the signatures of the attorneys or hold a presentment hearing before signing and entering the judgment. *See* LR3-408(D) NMRA ("Orders and judgments shall not be signed by the court unless legibly signed by all counsel of record and pro se parties, or until after a hearing on the form of the order or judgment."). Defense counsel in the present case wrote a written request for a hearing in lieu of his signature on the judgment [RP 97] and filed a written objection to the form of the judgment. [RP 99-105] The district court signed and filed the judgment and sentence [RP 91, 96], issued a notice of judgment [RP 112], and did not hold a hearing. Because the actions of the district court appeared contrary to the mandatory language of the local rule, we proposed to reverse and remand for a hearing on the form of the judgment and sentence.

The State responded to our notice indicating that it agrees that the appropriate remedy is to reverse and remand for the limited purpose of holding a hearing on the form of the judgment and sentence. [State's response 1-2] The State explains that because our notice did not offer any opinion or disposition regarding the contents of the judgment including the issues about Defendant's fugitive status, it has not filed any response to those issues and submits that they may be addressed on remand. We

3

agree that Defendant's issues surrounding his fugitive status should be addressed at the hearing.

For the reasons stated in our notice and in this opinion, we reverse and remand for a presentment hearing consistent with the requirements of LR3-408(D).

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**LINDA M. VANZI, Judge**